## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SETH HARRIS, SR.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 06-0998 (PLF)** |
| | ) | |
| **JONATHAN C. MINER, *et. al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE,
## TO TRANSFER VENUE

Defendants, by and through the undersigned counsel, respectfully move this Court for an order of dismissal, pursuant to Fed.R.Civ.P.12(b)(1) and 12(b)(3), for lack of subject matter jurisdiction and improper venue.   In the alternative, should the Court deny defendants' motion to dismiss, defendants move pursuant to 28 U.S.C. §§ 1391(b), 1404(a) and 1406, that the Court exercise its discretion to transfer venue to the District of Kansas, the judicial district where plaintiff is incarcerated.

In support of this motion, Defendants submit the attached Memorandum of Points and Authorities  and Proposed Order.   Plaintiff, who is proceeding pro se, is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case.  See, Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988).

August 28, 2006                               Respectfully submitted,

_____
                              /s/
KENNETH L. WAINSTEIN, D.C. Bar No. 451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney


_____/s/_____
ERIC J. JANSON
Special Assistant United States Attorney

Counsel for Defendants

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SETH HARRIS, SR.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 06-0998 (PLF)** |
| | ) | |
| **JONATHAN C. MINER,** *et. al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Plaintiff filed this civil action against Jonathan C. Miner, Warden, and Federal Correctional Institution (FCI) Fairton, under the Federal Tort Claims Act (FTCA) alleging that defendants negligently lost his personal property upon intake at FCI Fairton. Compl. p. 4-5.

Defendants move this Court for an order of dismissal, pursuant to Fed.R.Civ.P.12(b)(1) and 12(b)(3), for lack of subject matter jurisdiction and improper venue because: (i) plaintiff cannot sue a federal correction institution or its federal employees operating in their official capacity; (ii) relief under the FTCA is limited to the damages in the administrative claim filed; and (iii) venue is improper in the District of Columbia.  In the alternative, defendants move pursuant to 28 U.S.C. §§ 1404(a) and 1406, to transfer venue to the District of Kansas, the judicial district where plaintiff is incarcerated.

2

## BACKGROUND

Plaintiff Seth Harris, Sr., Register Number 38880-083, is an inmate currently incarcerated at the United States Penitentiary in Leavenworth, Kansas (USP Leavenworth).  See SENTRY Public Information Data (Attached).  Prior to his incarceration at USP Leavenworth, plaintiff was incarcerated at the Federal Correctional Institute (FCI) in Fairton, New Jersey. Id. Plaintiff was convicted of violating 21 U.S.C. § 856 (maintaining drug-involved premises), and 18 U.S.C. § 922(G)(1) (possession of a firearm by a convicted felon).  The United States District Court for the Eastern District of Virginia sentenced plaintiff to 57 months (later modified to 36 months) and 3 years supervision.  Plaintiff's projected release date is May 11, 2007. Id.

Plaintiff filed an administrative claim regarding personal property loss in the amount of $176.80 on June 21, 2005. See Compl. attachments.  BOP denied this claim on November 21, 2005. See Compl. attachments.  Plaintiff filed this FTCA suit against the United States on May 30, 2006, alleging that defendants negligently lost his personal property upon intake. Compl. p. 4-5.  Plaintiff has requested specific relief of $150,000.00 in his complaint. Compl. p. 6.

## ARGUMENT

**I.      Plaintiff's Complaint Against the Named Defendants Should Be Dismissed for Lack of Subject Matter Jurisdiction.**

Plaintiff's claims against FCI Fairton and Jonathan C. Miner, in his official capacity as warden of FCI Fairton, should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.  The Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 ("FTCA"), is the exclusive waiver of sovereign immunity for any loss from the tortious actions of federal agencies or

3

employees.  See 28 U.S.C. § 2679(b)(1); United States v. Smith, 499 U.S. 160, 165-69 (1991)

(FTCA immunizes individuals even where tort is excluded from waiver of sovereign immunity).

To the extent that plaintiff attempts to name defendants other than the United States in his FTCA

claim, there is a limited waiver of sovereign immunity and Congress has provided only for suits

against the United States.  See 28 U.S.C. § 1346(b)(1); Scanwell Lab., Inc. v. Thomas, 521 F.2d

941, 947 (D.C. Cir. 1975); Richardson v. United States Dept. of Interior, 740 F. Supp. 15, 20

n.10, 26 (D.D.C. 1990).  Therefore, the Court should dismiss plaintiff's FTCA claims against the

named defendants under Rule 12(b)(1) for lack of subject matter jurisdiction.

Additionally, the FTCA does not allow suits to be brought against federal correctional

institutions or federal agency employees acting within the scope of their official duties. 28 U.S.C.

§ 2679(a).  See Vanover v. Hantman, 77 F. Supp. 2d 91, 97 (D.D.C. 1999), aff'd. 38 Fed.Appx. 4

(D.C. Cir. Apr 17, 2002) ("Section 2679 gives federal employees absolute immunity from tort

liability for acts done in the scope of their employment."); Cox v. Secretary of Labor, 739 F.

Supp. 28, 29 (D.D.C. 1990) (suit against the Secretary of Labor rather than the government itself

must be dismissed for lack of subject matter jurisdiction) (citing numerous cases); Galvin v.

OSHA, 860 F.2d 181, 183 (5th Cir. 1988) ("an FTCA claim against a federal agency or employer

as opposed to the United States itself must be dismissed for want of jurisdiction"); Stewart v.

United States, 655 F.2d 741, 742 (7th Cir. 1981); Hagmeyer v. Department of Treasury, 647 F.

Supp. 1300, 1304-05 (D.D.C. 1986) (dismissing FTCA claim against the Department of

Treasury).  Only the United States is subject to suit under this statute.

The FTCA expressly provides that any common law tort suit brought against federal

employees must be treated as a suit against the United States once the Attorney General (or his

delegate) certifies that the employees acted within the scope of their employment:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court <u>shall</u> be deemed an action against the United States under the provisions of this title and all references thereto, and the United States <u>shall</u> be substituted as the party defendant.

28 U.S.C. § 2679(d)(1) (emphasis added). In this case, defendants filed such a certification for defendant Jonathan C. Miner contemporaneously with this motion to dismiss. Therefore, Jonathan C. Miner is entitled to absolute immunity under Section 2679. <u>See</u> <u>United States v. Smith</u>, 499 U.S. 160, 162-63 (1991); <u>Brown v. Armstrong</u>, 949 F.2d 1007, 1010 (8th Cir. 1991). In the place of the named defendants, the United States is substituted as the exclusive defendant for all tort claims such as plaintiff's and the case against the individual defendants should be dismissed. <u>See also</u> <u>Sami v. United States</u>, 617 F.2d 755, 768 (D.C. Cir. 1979) (federal employees immune from defamation suit when acting "within the ambit of discretion"); <u>Trifax v. District of Columbia</u>, 53 F. Supp. 2d 20 (D.D.C. 1999) ("acting within the outer perimeter of the duties"), <u>aff d</u>, 314 F.3d 641 (D.C. Cir. 2003).

## II.    <u>Plaintiff's Request for Relief Cannot Exceed the Amount in the Administrative Claim.</u>

Under the FTCA, only actual or compensatory damages are recoverable and not punitive damages. <u>See</u> 28 U.S.C. § 2674;[1] <u>Johnson v. United States</u>, 547 F.2d 688, 690 n.5 (D.C. Cir. 1976); <u>Lucas v. United States</u>, 443 F. Supp. 539, 541 n.1 (D.D.C. 1977), <u>aff'd</u>, 590 F.2d 356

---

[1] "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for *punitive* damages." 28 U.S.C. § 2674 (emphasis added).

(D.C. Cir. 1979); <u>Molzof v. United States</u>, 502 U.S. 301 (1992).  28 U.S.C. § 2675 (b) reads:

> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

Additionally, the FTCA limits the relief available against the United States to money damages only.  28 U.S.C. § 1346(b).  Federal district courts lack subject matter jurisdiction under the FTCA to award equitable relief and declaratory judgments.

In this case, plaintiff seeks compensatory damages for the alleged loss of personal property.  Compl. p. 6.  Plaintiff also seeks to be compensated for his hardship, pain and suffering in the amount of $150,000, and would like disciplinary charges brought against the individuals involved in the grand larceny, fraud and conspiracy.  <u>Id</u>.  Plaintiff's administrative claim regarding his lost property was in the amount of $176.80.  <u>See</u> Compl. -- November 21, 2005 Denial of Administrative Claim.  Because the FTCA limits the relief available against the United States to money damages, expressly excludes liability for punitive damages and limits actions to the amount of the claim presented to the federal agency, the Court should dismiss all of plaintiff's request for relief except the $176.80 sought in his administrative claim under Federal Rule of Civil Procedure 12(b)(1).  <u>See</u> <u>Pray v. Lockheed Aircraft Corp.</u>, 644 F. Supp. 1289, 1295 (D.D.C. 1986) (noting that the FTCA does not waive the Government's sovereign immunity regarding punitive damage awards).

## III.     <u>Venue is Improper in the District of Columbia</u>

Venue for an FTCA claim lies only in the judicial district where plaintiff resides or where the cause of action arose.  <u>See</u> 28 U.S.C. §1402(b); <u>Bryant v. Carlson</u>, 652 F. Supp. 1286, 1287

6

(D.D.C. 1987); <u>Bartel v. F.A.A.</u>, 617 F. Supp. 190, 198 (D.D.C. 1985).  A federal inmate's
residence for venue purposes is his current place of confinement.  <u>See</u> <u>In re Pope</u>, 580 F.2d 620,
622 (D.C. Cir. 1978).  A tort claim arises under the FTCA at the place where the alleged
negligent acts occurred.  <u>See</u> <u>Beattie v. United States</u>, 592 F. Supp. 780, 784 (D.D.C.), <u>aff'd</u>, 756
F.2d 91 (D.C. Cir. 1984).  <u>See also</u>  <u>Zakiya v. United States</u>, 267 F. Supp. 2d 47, 59 (D.D.C.
2003) ("Because none of the operative events that constitute the gravamen of plaintiff's claims
took place in the District of Columbia, the Court concludes that venue in this district is
improper.").

　　　　Here, the District of Columbia is not the proper venue for plaintiff.  Plaintiff is currently
incarcerated at USP Leavenworth, located in the United States District Court for the District of
Kansas.  All of the events giving rise to plaintiff's claims occurred at FCI Fairton in Fairton, New
Jersey, located in the United States District Court for the District of New Jersey.  Not a single
factual allegation in the complaint concerns acts that occurred within the United States District
Court for the District of Columbia.  Thus, venue is not proper in the District of Columbia and
plaintiff's FTCA claims against the United States must be dismissed pursuant to Rule 12(b)(3).

## IV.    <u>Alternatively, the Court Should Transfer the Case to the District of Kansas.</u>

　　　　In the event this Court declines to dismiss plaintiff's complaint, defendants request
transfer of venue in this case to the District of Kansas where plaintiff is incarcerated pursuant to
28 U.S.C. § 1404(a).  28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district
> court may transfer any civil action to any other district or division where it may
> have been brought.

The United States Court of Appeals for the District of Columbia has held that cases such as this

one should <u>not</u> be heard in the District of Columbia, but should instead be transferred to the judicial district where the prisoner is incarcerated, pursuant to § 1404(a). ". . . [M]any, if indeed not most, petitions filed by prisoners not confined in the District of Columbia and not sentenced here originally, will tend to involve factors that make transfer to the place of incarceration appropriate." <u>Starnes v. McGuire</u>, 512 F.2d 918, 926 (D.C. Cir. 1974) (<u>en banc</u>). The Court of Appeals recognized that even if venue is technically appropriate, "there is certainly no reason why all cases involving the construction or constitutionality of a federal statute should be litigated in the District of Columbia." <u>Id.</u> at 925. Rather, where the records, witnesses, and counsel for the case are located near the prison and there is no issue of national importance raised by the complaint, "transfer of the complaint to the district of the plaintiff's incarceration is indicated." <u>Id.</u> at 933; <u>see also</u> <u>Lincoln v. Bureau of Prisons</u>, Civ. No. 96-2325, at 2 (D.D.C. May 2, 1997) ("[t]his Circuit discourages 'carpetbagging' by prisoners who incarcerated elsewhere.")

The D.C. Circuit in <u>Starnes</u> set out a number of factors for a district court to use in deciding whether to transfer a civil case brought by a prisoner incarcerated outside the District of Columbia. Those factors are: (1) the prisoner's difficulty of communication with counsel; (2) the difficulty of transferring the prisoner; (3) the availability of witnesses and files; (4) the speed of final resolution; and (5) whether the case involves issues of national policy that require the testimony of high-level administrators located in Washington, D.C. <u>Starnes</u>, 512 F.2d at 929-33.

In this case, these factors strongly support the appropriateness of transfer. This is a *pro se* case so communication with counsel is not an issue. The majority of records that would be involved in litigating plaintiff's claims are all at USP Leavenworth in Leavenworth, Kansas. There is no national policy challenge. Problems associated with moving an inmate for hearings

are minimal, now that the PLRA provides for telephonic pre-trial hearings "to the extent

practicable." See 42 U.S.C. 1997e(f).  Thus, if this Court does not dismiss this case, this case

properly belongs in the District of Kansas pursuant to Title 28 U.S.C. § 1404(a), which is

plaintiff's district of incarceration.  Defendants note, however, that the better course for meritless

cases such as this is simply to dismiss them.  Accord Simpkins v. District of Columbia

Government, 108 F.3d 366, 370 (D.C. Cir. 1997) (favoring dismissal over transfer of meritless

cases brought in improper venue).  Therefore, defendants move for transfer only in the

alternative.

## CONCLUSION

Based upon the foregoing, defendants respectfully request that this Court grant their

motion to dismiss for lack of subject matter jurisdiction and improper venue should be granted.

In the alternative, should the Court deny defendants' motion to dismiss, defendants move

pursuant to 28 U.S.C. §§ 1404(a) and 1406, that the Court exercise its discretion to transfer

venue to the District of Kansas, the judicial district where the plaintiff is incarcerated.

August 28, 2006                         Respectfully submitted,


                                        _____/s/_____
                                        KENNETH L. WAINSTEIN, D.C. Bar No. 451058
                                        United States Attorney


                                        _____/s/_____
                                        RUDOLPH CONTRERAS D.C. Bar No. 434122
                                        Assistant United States Attorney


                                        _____/s/_____
                                        ERIC J. JANSON
                                        Special Assistant United States Attorney


                                        Counsel for Defendants

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 28, 2006, a true and correct copy of Defendant's

Motion to Dismiss, Or in the Alternative, To Transfer Venue, was served under the Court's ECF

system and via first class mail, postage prepaid to:

>Seth Harris, Sr.
>\# 38880-083
>USP - Leavenworth
>P.O.B. 1000
>Leavenworth, KS 66048

_____/s/_____
Eric J. Janson
Special Assistant United States Attorney

10